■ BANKERS TRUST COMPANY OF ROCHESTER, Appellant, v LESLIE A. WALKER, Respondent.—Order, insofar as it denied motion for summary judgment against defendant Walker, unanimously reversed, without costs, and motion granted. Memorandum: Special Term improperly denied plaintiff's motion made pursuant to CPLR 3213 for summary judgment on a "Limited Guaranty", signed by defendant Walker, guaranteeing a note made by defendant Richard Alt to plaintiff, which note was also backed by an "Unlimited Guaranty" signed by Richard's wife Helen Alt. The defendants Alt had defaulted in appearance and the court granted summary judgment for plaintiff as to them. Walker's attempt to raise the question of consideration given to Helen Alt as an issue of fact is inappropriate, since that question is a defense available only to Helen and is now foreclosed from consideration by the judgment against her. Walker's argument that he is relieved by reason of his guarantee of a loan to both Richard and Helen Alt and the extension of the loan to Richard only, is without merit. Walker intended to guarantee the debt of both Alts, with their liability to be "joint, several or independent"; and plaintiff extended credit to both by making a loan to Richard and by accepting Helen's "Unlimited Guaranty" of that loan. Walker's alleged issue of fact that he intended to guarantee only one 90-day note, and not a series of 90-day notes extending the original note, is belied by the express terms of guarantee which state that "This guaranty is a continuing one" and that plaintiff may "change the manner, place or

terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of the Borrower, * * * and the guaranty herein made shall apply to the liabilities of the Borrower as so changed, extended, renewed or altered". The contention now of Walker's alleged contrary intent does not raise a factual issue, since the contractual language is "definite and unambiguous", and the court will not "make new contracts between [the contracting parties] or * * * give their express language a strained or unreasonable construction" (Cream of Wheat Co. v Crist Co., 222 NY 487, 493–494). Walker also alleges negligence and laches on the part of plaintiff in that the note was extended in 90-day intervals for a period of a year and a half without reduction of the principal, in that plaintiff twice allowed renewal of the note following the sale by the Alts of their home in Rochester and their move to Arizona and in that plaintiff failed to notify Walker of the Alts' failure to pay until more than a year after the Alts moved and more than six months after the due date of the last note. Walker seems to rely on an italicized portion of a statement that "mere neglect on the part of a creditor to enforce payment from the principal (or from the surety) does not by itself discharge the surety, *provided that the failure to act does not amount to gross neglect or fraud,* and the creditor owes the surety no duty to act" (57 NY Jur, Suretyship and Guaranty, § 182, pp 504–505) (emphasis supplied). The two cases cited as authority for the provision above are *McKecknie v Ward* (58 NY 541) and *Remsen v Beekman* (25 NY 552). *Remsen,* and the line of cases following it, required a request by the surety that the creditor foreclose on the obligation, which was then due. In our case no allegation of a demand by the surety Walker is alleged. In *McKecknie,* and the line of cases following it, a finding of mere forebearance in collection of the debt (even over a three-year period) was insufficient to discharge the surety, but rather "there must be some act of connivance or gross negligence amounting to willful shutting of the eyes to the fraud" (pp 549–550). We cannot say that the affidavits in this case allege sufficient facts to raise an issue of gross negligence, fraud or laches under the language of the above cases, absent any allegation of knowledge on the part of plaintiff of the Alts' leaving town or of their intention to default on the note, or any allegation of injury to Walker occasioned by the six-month delay in notice of default. Finally, Walker now points to section 2-302 of the Uniform Commercial Code and contends that the "Limited Guaranty" is unconscionable and should be declared void under the above section. This argument is without merit, since article 2 of the Uniform Commercial Code "applies to transactions in goods" (Uniform Commercial Code, § 2-102) and "contract" as used in the above article is "limited to those relating to the present or future sale of goods" (Uniform Commercial Code, § 2-106, subd [1]). There being no issue of fact raised by the affidavits, plaintiff-appellant should have been granted summary judgment against Walker as well as the Alts. The document on its face clearly states that it is a continuing guarantee; Walker does not allege any attempt at revocation of the instrument. Plaintiff has proceeded to judgment against the debtor and the unlimited guarantor, and is entitled under CPLR 3213 to summary judgment against the limited guarantor. (Appeal from part of order of Monroe Special Term in action on promissory note.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.